LIVINGSTON COUNTY COURT *v.* S. H. PILES.

**Collection of Taxes—Duties of Tax Collector.**
    The act of February, 1868, authorizing the appointment of a tax collector did not fix the time he should hold such office; and if while acting as such he collects taxes he and his sureties are liable for his failure to account for them, and the fact that he is styled as sheriff in the bond cannot affect the liability of his sureties.

**Levy and Collection of Taxes.**
    Where a tax levied under claim of legal authority has been collected by an officer whose only authority for making the collection is the act under which the tax was collected, he cannot when sued for the money, escape liability on the ground that it was levied and collected without authority of law unless the want of authority is clear.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

November 26, 1875.

OPINION BY JUDGE COFER:

The act of February, 1868, authorized the county court to ap-

point a collector to collect the tax authorized by said act to be levied, but did not fix the term for which he should remain in office. Piles, having been appointed collector of the tax in 1868, continued in office; and, although he is described in the bond sued on as sheriff, he and his sureties undertook that he would collect and account for the jail tax. They do not deny that Piles collected the tax, but merely deny that he collected it as sheriff, or that he was ordered to collect it as sheriff. He was empowered to collect the tax under his appointment as collector, and that he is styled sheriff instead of collector cannot affect the liability of his sureties. .

We think the whole act, when taken and considered together, authorized the county court to levy and collect a tax of fifty cents on the $100 worth of taxable property, and fifty cents on each title each year for three years.

It is true that a delegation of the power of taxation will generally be strictly construed in favor of the public; but when a tax has been levied under claim of legal authority, and has been collected by an officer whose only authority for making the collection was the act under which the tax was levied, he cannot, when sued for the money thus collected, escape liability for it on the ground that it was levied and collected without authority of law, unless the want of authority is clear.

If the tax payers had resisted the collection of the tax, the courts might have required the county court to exhibit clear authority to levy and collect it; but the tax having been collected, the officer who collected it and has the money in his hands cannot escape liability because of a mere doubt whether the tax was legally levied and collected. Nor can the appellees escape liability upon the ground that a greater sum was collected than was actually required to build the jail and jailer's residence. It was, in the very nature of things, impossible to know the exact amount that would be required to complete the building, or the amount that would be collected on the levy made.

We are, therefore, of the opinion that the court erred in dismissing the petition, and the judgment is *reversed,* and the cause is remanded for a new trial upon principles not inconsistent with this opinion.

*J. K. King, W. D. Greer, Lindseys, for appellant.*
*Caswell Bennett, for appellee.*